UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00119-GNS

AMANDA HAVILL                                                                                                  PLAINTIFF

v.

ROLLER DIE AND FORMING
COMPANY, INC.                                                                                                    DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 5). The motion is ripe for adjudication. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.      BACKGROUND

Plaintiff Amanda Havill ("Havill") began as an employee of Defendant Roller Die and Forming Company, Inc. ("Roller Die") on January 21, 2019. (Compl. ¶ 6, DN 1-1). The owner of Roller Die, Ray Hammons ("Hammons"), was Havill's supervisor. (Compl. ¶ 8). Havill alleges Hammons regularly texted unsolicited nude photographs and made inappropriate comments to her. (Compl. ¶ 8). When Havill denied these romantic advances, Hammons allegedly told Havill "I am going to replace you with a younger model." (Compl. ¶ 9). Havill also alleges Angie Hammons ("Angie"), office manager for Roller Die and sister to Hammons, publicly berated and abused Havill at Hammons' direction. (Compl. ¶ 10).

Havill asserts that she suffered physical injuries as a result of these interactions that required medical treatment for conditions later diagnosed as high blood pressure, post-traumatic stress disorder ("PTSD"), and generalized anxiety disorder ("GAD"). (Compl. ¶¶ 17-19). Roller

1

Die permitted Havill to work remotely from spring 2020 until October 2022 when Havill had to return to work in-office. (Compl. ¶¶ 11-14). Havill spoke to Greg Nunnelley ("Nunnelley"), Vice President of Human Resources at Roller Dice, after she expressed concerns about working with both Angie and Hammons and provided supporting documentation for her medical condition. (Compl. ¶¶ 13-15). Nunnelley promised to discuss Havill's concerns with Hammons after these concerns had been brought to him. (Compl. ¶ 16). Havill also alleges that she requested accommodations under Americans with Disabilities Act ("ADA") after her diagnosis, but Roller Die declined to provide the accommodations. (Compl. ¶¶ 20-21). On February 10, 2023, Defendants terminated Havill's employment. (Compl. ¶ 21).

Havill filed this action alleging various claims related to her termination including wrongful termination, age discrimination, gender discrimination, disability discrimination, and intentional infliction of emotional distress ("IIED"). (Compl. ¶¶ 23-52). Roller Die moves to dismiss Havill's claims for wrongful termination and IIED but concedes Havill has sufficiently pled her other claims under federal and state discrimination laws including the ADA and the Kentucky Civil Rights Act ("KCRA"). (Def.'s Mem. Supp. Partial Mot. Dismiss 3-12, DN 5-1). Havill has indicated she wishes to proceed with these statutory discrimination issues, but her other common law allegations face potential obstacles, writing, "[t]o the extent any statutory remedy is or becomes unavailable, Havill requests leave of court to pursue her common law remedies." (Pl.'s Resp. Def.'s Partial Mot. Dismiss 3-12, DN 7). Roller Die nonetheless has moved to dismiss these common law causes of action, to hold that the wrongful discharge and IIED assertions are preempted by the statutory claims, and dismiss Havill's claim for punitive damages. (Def.'s Reply Partial Mot. Dismiss 2, DN 8).

Havill also requests to proceed on her statutory claims. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 3). Roller Die has only moved to dismiss Havill's common law claims, which is addressed below.

## II.     JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question is presented. The Court has supplemental subject matter jurisdiction over Havill's state law claims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## III.     STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, a court must "accept all the Plaintiff['s] factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (citation omitted).

## IV.   DISCUSSION

### A.   Wrongful Discharge (Count I)

Roller Die first argues Havill's wrongful discharge allegation must be dismissed because it is preempted by Havill's ADA and KCRA causes of action. (Def.'s Mem. Supp. Partial Mot. Dismiss 8-9). In other words, because the wrongful termination and statutory discrimination claims are predicated on the same allegations, Roller Die posits the common law wrongful termination claim must be dismissed. Havill has not stated whether federal or state law is the basis for her wrongful discharge argument. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 3-12; Compl. ¶¶ 23-29).

Kentucky courts have been clear on this question: a claim of disability discrimination under the KCRA preempts a plaintiff from collecting damages for both wrongful discharge and a discrimination claim, regardless of its statutory basis. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). In *Grzyb*, an employee brought a wrongful termination case against his employer on the basis of sex discrimination. *Id.* at 401. The Kentucky Supreme Court dismissed the employee's case because the statute establishes but narrows the mechanism for redress. *Id.* The court stated that "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Id.* The Kentucky Supreme Court clarified in *Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412 (Ky. 2010), that there are "circumstances in which the doctrine of preemption would block the creation of" a wrongful termination claim. *Id.* at 401-02. The Kentucky Supreme Court held "the same statute which would provide the necessary underpinning for a wrongful discharge suit where there is sufficient evidence to prove sex discrimination in employment practices also structures the remedy." *Grzyb*, 700 S.W.2d at 401. The KCRA preempts a wrongful termination

claim because both are based on the same law as the offensive conduct, and these laws seek to uphold the identical underlying public policy, creating a duplicative recovery. *Grzyb*, 700 S.W.2d at 401; *see also Watts v. Lyon Cnty. Ambulance Serv.*, 23 F. Supp. 3d 792, 813 (W.D. Ky. 2014) ("To the extent the basis for this claim [wrongful discharge in violation of public policy] is the same as that for his Title VII and KCRA claims, it is preempted and subsumed by those more specific laws.").

This Court has also held consistent with *Grzyb* that when a federal regulation specifies a civil remedy, a plaintiff may not state a claim for wrongful discharge under Kentucky law, even when considering a motion to dismiss. *See Jones v. Metal Mgmt. Nashville, LLC*, No. 1:08-CV-102-R, 2009 WL 197427, at *4 (W.D. Ky. Jan. 26, 2009). In *Jones*, this Court dismissed a wrongful termination claim brought concurrently with a claim under the Surface Transportation Assistance Act since the federal statute provided the civil remedy. *Jones*, 2009 WL 197427, at *4. If a statute provides the structure and a remedy for pursuing the claim, a plaintiff is limited to the statutory remedy and may not pursue both wrongful termination and statutory claims. *Wiseman v. Whayne Supply Co.*, 359 F. Supp. 2d 579, 591 (W.D. Ky. 2004) (citation omitted).

Courts have routinely recognized a plaintiff may not bring KCRA and federal regulations claims concurrently with wrongful termination claims which are properly dismissed at the 12(b)(6) stage. Havill has asserted both wrongful termination and other federal and state statutory discrimination claims. Accordingly, Defendant's motion to dismiss Havill's wrongful termination claim is granted.

B.  **Intentional Infliction of Emotional Distress ("IIED") (Count II)**

Roller Die also moves to dismiss Havill's IIED allegation because Kentucky law mandates other statutory claims of discrimination that rely on the same conduct as an IIED claim also

preempts it. (Def.'s Mem. Supp. Partial Mot. Dismiss 7-8). Havill does not address these arguments directly in her response, but Havill indicates she wishes to proceed with her other statutory claims for discrimination if these common law claims fail. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 5).

Kentucky courts have once again been clear: an IIED claim against an employer is barred when based on the same conduct as a claim under the KCRA. *See Bogle v. Luvata Franklin, Inc.*, No. 1:12-CV-00200-TBR, 2013 WL 1310753, at *2 (W.D. Ky. Mar. 28, 2013); *Hanley v. Chevy Chaser Mag., LLC*, 199 F. App'x 425, 432 (6th Cir. 2006); *see, e.g.*, *Kroger Co. v. Buckley*, 113 S.W.3d 644, 646 (Ky. App. 2003) ("[W]hen a plaintiff prosecutes a KRS Chapter 344 claim and an outrageous conduct claim concurrently, the former preempts the latter . . . . [A] KRS Chapter 344 claim preempts a common law IIED/outrageous conduct claim."); *see also Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 239 (Ky. App. 2001) (holding that a plaintiff's "IIED claim against [his employer] was subsumed by his KRS Chapter 344 claims"). Courts in both the Eastern and Western District of Kentucky have recognized the bar to an IIED claim predicated on the same facts as a KCRA claim. *Bogle*, 2013 WL 1310753, at *2; *Thompson v. Next-Tek Finishing, LLC*, No. 3:09-CV-940-S, 2010 WL 1744621, at *2 (W.D. Ky. Apr. 28, 2010) (dismissing plaintiff's IIED claim as preempted by the KCRA).

Havill bases her IIED claim on the same set of circumstances supporting her claims for gender, age, and disability discrimination under federal and state law. (Compl. ¶¶ 30-36, 37-43, 44-52). Havill does not allege that her IIED claim originates from any facts separate from her other statutory discrimination claims, which is necessary to avoid preemption. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 3-5). Because the factual allegations supporting Havill's IIED claim are

6

identical to the discrimination statutory causes of action, Havill's IIED claim is preempted and therefore dismissed.

### C.  Retaliation for ADA Accommodations

In its reply, Roller Die asserts that the Court should "preclud[e] [Havill] from pursuing any claim for retaliation under federal law." (Def.'s Reply Partial Mot. Dismiss 1). Roller Die initially argued that Havill failed to exhaust her administrative remedies with respect to her claim of retaliation under federal law because her Equal Employment Opportunity Commission ("EEOC") charge of discrimination did not include a claim for retaliation. (Def.'s Mem. Supp. Partial Mot. Dismiss 4-6). Roller Die later revised its argument, after obtaining proof of Havill's charge with the EEOC. (Def.'s Reply Partial Mot. Dismiss 5-6). Roller Die's motion must be denied as to this argument because it was raised for this first time in its reply. "It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" *Glass v. Polyconcept N. Am., Inc.*, No. 1:23-CV-00014-GNS, 2024 WL 3678793, at *2 (W.D. Ky. Aug. 6, 2024) (quoting *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012)). Roller Die's motion is denied on this basis.

### D.  Punitive Damages

Roller Die also seeks dismissal of Havill's request for punitive damages. (Def.'s Reply Partial Mot. Dismiss 1). Though a request for punitive damages is not an independent claim, Havill has requested punitive damages for her IIED claim and includes punitive damages in her general prayer for relief. (Compl. ¶¶ 36, 52). In her response, Havill clarified that she is only seeking punitive damages for her IIED claim. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 3). Punitive damages are a remedy and not a cause of action under Kentucky law. *Dalton v. Animas Corp.*,

913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012).  Because the IIED claim has been dismissed and Havill's request for punitive damages was based solely on this claim, her request for punitive damages is dismissed as well.

### E. Negligence and Unsafe Work Environment

Finally, Roller Die moves for dismissal of Havill's claims for negligence and an unsafe work environment.  (Def.'s Mem. Supp. Partial Mot. Dismiss 8-10).  In its conclusion, however, Roller Die clarifies that it is only seeking dismissal of Havill's wrongful termination and IIED claims.  (Def.'s Mem. Supp. Partial Mot. Dismiss 8-9, 11).  In fact, Havill has not alleged a claim of negligence or that Roller Die created an unsafe work environment; this characterization of a "hostile work environment" is mentioned in Count I of the Complaint but is not asserted as a separate cause of action.  (Compl. ¶ 24).  Because Havill has not asserted such causes of action, Roller Die's motion is denied in part.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 5) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims for wrongful discharge, IIED, and the punitive damages are **DISMISSED**.  Plaintiff's claims for retaliation, negligence, and unsafe work environment claims remain.

Greg N. Stivers, Chief Judge
United States District Court

October 17, 2024

cc: counsel of record