UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00119-GNS

AMANDA HAVILL                                                                                                    PLAINTIFF

v.

ROLLER DIE AND FORMING
COMPANY, INC.                                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 15). The motion is ripe for adjudication. For the reasons that follow, the motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff Amanda Havill ("Havill") began as an employee of Defendant Roller Die and Forming Company, Inc. ("Roller Die") on January 21, 2019. (Compl. ¶ 6, DN 1-1). The owner of Roller Die, Ray Hammons ("Hammons"), was Havill's supervisor. (Compl. ¶ 8).

Havill alleges Hammons regularly texted unsolicited nude photographs and made inappropriate comments to her. (Compl. ¶ 8). When Havill denied these romantic advances, Hammons allegedly told Havill "I am going to replace you with a younger model." (Compl. ¶ 9). Havill also alleges Angie Hammons ("Angie"), office manager for Roller Die and sister to Hammons, publicly berated and abused Havill at Hammons's direction. (Compl. ¶ 10).

Havill asserts that she suffered physical injuries as a result of these interactions that required medical treatment for conditions later diagnosed as high blood pressure, post-traumatic stress disorder ("PTSD"), and generalized anxiety disorder ("GAD"). (Compl. ¶¶ 11, 17-19). She was approved to work remotely from spring 2020 until October 2022, at which point, Hammons

requested that Havill return to work in-office. (Compl. ¶¶ 11-14). Havill spoke to Greg Nunnelley ("Nunnelley"), Vice President of Human Resources at Roller Die, expressing concerns about working with both Angie and Hammons. (Compl. ¶¶ 13-15). Nunnelley promised to discuss Havill's concerns with Hammons after Havill brought the matter to his attention. (Compl. ¶ 16). Havill also alleges that she requested accommodations under Americans with Disabilities Act ("ADA") after her diagnosis, but that Roller Die declined to provide the accommodations. (Compl. ¶¶ 20-21). On February 10, 2023, Roller Die terminated Havill's employment. (Compl. ¶ 21). Havill asserts that she suffered physical injuries as a result of these interactions that required medical treatment for conditions later diagnosed as high blood pressure, post-traumatic stress disorder ("PTSD"), and generalized anxiety disorder ("GAD"). (Compl. ¶¶ 17-19).

Havill filed this action alleging various claims related to her termination. (Compl. ¶¶ 23-52). This Court dismissed several of these claims, but Havill's claims for retaliation under the under Americans with Disabilities Act ("ADA"), negligence, and unsafe work environment remain. (Order 8, DN 9). Roller Die now moves to dismiss Havill's claim for retaliation. (Def.'s Partial Mot. Dismiss, DN 15).

## II.   JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question is presented. The Court has supplemental subject matter jurisdiction over Havill's state law claims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## III.   STANDARD OF REVIEW

The timing of Roller Die's motion presents a preliminary issue. Roller Die filed an answer and moved to dismiss Havill's claims on March 4, 2024. (Answer, DN 6; Def.'s Partial Mot.

2

Dismiss, DN 5). Roller Die then moved to dismiss Havill's retaliation claim on January 27, 2025. (Def.'s Partial Mot. Dismiss, DN 15). Fed. R. Civ. P. 12(b) provides that such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). If a defendant files a motion to dismiss after previously filing an answer, the motion to dismiss is untimely. *Williams v. State Farm Ins. Co.*, 781 F. Supp. 2d 519, 522 (E.D. Mich. 2011) (citation omitted). While Roller Die's motion is untimely, Fed. R. Civ. P. 12(h) nevertheless permits a defendant to raise the defense of failure to state a claim upon which relief can be granted in: (1) a responsive pleading; (2) a motion under Fed. R. Civ. P. 12(c); or (3) at trial. Fed. R. Civ. P. 12(h). The Sixth Circuit has treated untimely 12(b)(6) motions as requests for the entry of judgments on the pleadings under Fed. R. Civ. P. 12(c). *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). Therefore, the Court construes Roller Die's motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). The standard of review applicable to a motion for judgment on the pleadings is the same standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). When considering a motion to dismiss, a court must "accept all the Plaintiff['s] factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[]."

*Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (citation omitted).

## IV.   DISCUSSION

An employee alleging employment discrimination under Title VII must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e–5(e)(1). Federal courts, otherwise, lack subject-matter jurisdiction over Title VII claims that have not been "explicitly filed . . . in an EEOC charge or . . . [cannot] reasonably be expected to grow out of the EEOC's investigation of the charge." *Seay v. Tenn. Valley Auth.*, 340 F. Supp. 2d 844, 848 (E.D. Tenn. 2004). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

A Title VII plaintiff generally cannot bring claims in that were not included in the EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). "If an EEOC charge does not properly allege a retaliation claim, the court only has jurisdiction over retaliation arising as a result of filing the EEOC charge itself." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 831 (6th Cir. 1999). This Court has previously held that a plaintiff who does not allege a specific retaliation claim in an EEOC charge has failed to exhaust his or her administrative remedies with respect to his or her retaliation claim. *Bardwell v. Aerotek, Inc.*, No. 1:17-CV-00167-GNS, 2018 WL 2470995, at *2 (W.D. Ky. June 1, 2018). "[B]ecause aggrieved employees—and not attorneys—usually file charges with the EEOC[,]" the Sixth Circuit has still

4

advised courts to construe these complaints "liberally," meaning "courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (citation omitted).

Roller Die argues Havill's retaliation allegations must be dismissed because she failed to raise a retaliation claim in her EEOC charge.[1] (Def.'s Mem. Supp. Partial Mot. Dismiss 8-9;EEOC Charge 1-2). In the current case, Havill submitted an EEOC charge on May 31, 2023, alleging discrimination based on her age, disability, and sex. (Def.'s Mem. Supp. Partial Mot. Dismiss 8-9, Ex. A at 1-2 [hereinafter EEOC Charge], DN 15-2).

In the Complaint, Havill broadly alleges, "[i]n retaliation for complaining about the hostile work environment, Roller Die began further harassing [Havill]." (Compl. ¶ 27). She also alleges that "Roller Die retaliated against [her] for refusing Hammons's sexual advances . . . [and] for requesting ADA accommodation." (Compl. ¶¶ 25-26). In her EEOC submission, Havill alleges that she was discriminated against because of her sex and age. (EEOC Charge 1-2). The charge does not facially allege a retaliation claim. (*See* EEOC Charge 1-2). Havill recounts that "[she] was afraid to report [the harassment] to Angie [], Manager as she is Mr. Hammons sister and to [] Nunnelley Human Resources Representative, as he is Mr. Hammons best friend." (EEOC Charge 1). Havill also included that she submitted a "reasonable accommodation request" in order to continue remote work, but she was terminated "without any warning and was replaced by a 23-year-old." (EEOC Charge 1).

Havill has failed to exhaust her administrative remedies with respect to the retaliation claim because she has not "explicitly filed" an EEOC charge alleging retaliation, nor plausibly alleged a

---

[1] In its reply to its first motion to dismiss, Roller Die impermissibly raised this argument for the first time, and this Court rejected the argument without reaching the merits. (Def.'s Reply Partial Mot. Dismiss, DN 8; Order 7).

retaliation claim in her Complaint consisting of more than conclusory allegations. *See Bardwell*, 2018 WL 2470995, at *2. Even applying a liberal construction that "courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge[,]" Havill's EEOC Charge does not meet the requirement. *See Younis*, 610 F.3d at 362 (citation omitted). Retaliation may reasonably "grow out of the factual allegations" of a discrimination claim, but Havill has not alleged enough facts to state a plausible retaliation claim. *See id.* (citation omitted).

In fact, the allegations in the EEOC Charge seem to contradict the Complaint because the EEOC Charge states Havill was afraid to file a report because of Hammons's relationships between himself and others at the company, but the Complaint alleges that Havill was harassed further as a result of her complaint of a "hostile work environment." (*See* EEOC Charge 1; Compl. ¶ 27). Because Havill has not exhausted her administrative remedies regarding a retaliation claim, the Court lacks subject-matter jurisdiction over such claim. *See Seay*, 340 F. Supp. 2d at 848.

The Court also notes Havill's failure to respond to this motion. When a party fails to a respond to an opposing party's motion, this Court has generally held that the nonacting party has waived its opposition to the motion. *See Green v. Oak Grove Police Dep't*, No. 5:22-CV-00038-GNS, 2024 WL 733647, at *4 (W.D. Ky. Feb. 22, 2024); *see also Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citation omitted)); *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) ("As a practical matter, 'it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" (quoting *Rouse v. Caruso*,

6

No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011))). Accordingly, Roller Die's motion is granted, and Havill's retaliation claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 15) is **GRANTED**. Plaintiff's claim for retaliation is **DISMISSED.** Plaintiff's claims for negligence and unsafe work environment remain.

Greg N. Stivers, Chief Judge
United States District Court

April 21, 2025

cc:   counsel of record